TED H. MERRIAM
KEVIN A. PLANEGGER*
OLENA RUTH
*ALSO ADMITTED IN ARIZONA

MERRIAM LAW FIRM, P.C.
ATTORNEYS AT LAW
1625 BROADWAY, SUITE 770
DENVER, COLORADO 80202

(303) 592-5404
Fax: (303) 592-5439
Email: info@merriamlaw.com

April 19, 2012

Via Certified Mail: Return Receipt No. 7010 2780 0001 9488 6106

Appeals Officer James Hockett
Appeals Office
Internal Revenue Service
600 17th St., Suite 400S
Denver, CO 80202

    Re:    Robert Pfaff
            Section 6707 Promoter Penalty
            Payment and Refund Claim

Dear Mr. Hockett:

    Pursuant to our telephone conversation last month, I have enclosed a check payable to the United States Treasury in the amount $228,460 for the Section 6707 penalty assessed against Robert Pfaff on September 11, 2011. This payment is attributable to the transaction involving the GM Johnston Family. This transaction is identified in the Internal Revenue Service's FLIP/OPIS penalty computation (Exhibit Number 8 to the Internal Revenue Service report issued to Mr. Pfaff on February 11, 2011). A copy of the penalty computation is enclosed for your reference.

    Also enclosed is a Claim for Refund (on Form 843, with separate explanation and power of attorney) of the $228,460 payment. Pursuant to the form instructions, I have signed the refund claim on behalf of Mr. Pfaff and attached a copy of my power of attorney on Form 2848. In the event that the IRS does not abate the 6707 penalty (and refund the enclosed payment) pursuant to the administrative appeal that is pending in your office, we request that you (or someone else at the IRS with requisite authority) issue an immediate formal denial of this claim pursuant to Internal Revenue Manual Section 21.5.3.4. Our position is that the Section 6707 penalty is a so-called divisible tax, and this payment will confer jurisdiction on the federal district court if it is necessary to litigate this issue.

    Thank you for your attention to this matter.

Sincerely yours,

Kevin Planegger

KAP
Enclosure
Cc:    Robert Pfaff

| Form **843** (Rev. August 2011) Department of the Treasury Internal Revenue Service | Claim for Refund and Request for Abatement ▶ See separate instructions. | OMB No. 1545-0024 |
|---|---|---|

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,
- (b) an abatement of FUTA tax or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | Your social security number |
|---|---|
| Robert Pfaff | 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 |
| Address (number, street, and room or suite no.) | Spouse's social security number |
| 1972 Columbine Court | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Golden, CO 80401 | |
| Name and address shown on return if different from above | Daytime telephone number |

**1** Period. Prepare a separate Form 843 for each tax period or fee year.
From  January 1, 1999  to  December 31, 1999

**2** Amount to be refunded or abated: $ 228,480

**3** Type of tax or fee. Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise   ☐ Income   ☐ Fee

**4** Type of penalty. If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section:

**5a** Interest, penalties, and additions to tax. Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
- ☐ Interest was assessed as a result of IRS errors or delays.
- ☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
- ☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ▶   April 19, 2012

**6** Original return. Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☑ Other (specify) ▶ IRC Section 6707

**7** Explanation. Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

Please attached statement of explanation.

Signature. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   Date

Signature (spouse, if joint return)   Date

| Paid Preparer Use Only | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Kevin Planegger | [signature] | 4/19/12 | | |
| | Firm's name ▶ Merriam Law Firm | | | Firm's EIN ▶ | 84-1035891 |
| | Firm's address ▶ 1625 Broadway, Suite 770, Denver CO 80202 | | | Phone no. | 303-592-5404 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 8-2011)

Form **2848**
(Rev. June 2008)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print.  ▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name _____
Telephone _____
Function _____
Date ___/___/___

## Part I  Power of Attorney

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1  Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Robert A. Pfaff<br>1972 Columbine Ct.<br>Golden, CO 80401 | 388 : 50 : 8323 | |
| | Daytime telephone number<br>(   ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | | |
|---|---|---|
| Ted H. Merriam<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. ............ 6000-33841R<br>Telephone No. ........ 303-592-5404<br>Fax No. ............ 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| **Name and address** | | |
| Kevin A. Planegger<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. ............ 6006-06829R<br>Telephone No. ........ 303-592-5404<br>Fax No. ............ 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| **Name and address** | | |
| Garret M. Francis<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. ............ 0303-09914R<br>Telephone No. ........ 303-592-5404<br>Fax No. ............ 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3  Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| Civil Penalties under IRC 6707 & 6708 | N/A | 1996 through 2005, inclusive |
| | | |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Uses Not Recorded on CAF . . . . . . . . . . . . ▶ ☐

**5  Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative or add additional representatives, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See Unenrolled Return Preparer on page 1 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan administrator may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (levels k and l) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: _____
_____
_____

**6  Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ _____

For Privacy Act and Paperwork Reduction Act Notice, see page 4 of the instructions.   Cat. No. 11980J   Form **2848** (Rev. 6-2008)

Form 2848 (Rev. 6-2008)

Page **2**

7. **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

   a. If you also want the second representative listed to receive a copy of notices and communications, check this box . . . . . . . ▶ ☐
   b. If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . . . . ▶ ☐

8. **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . ▶ ☐
   **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9. **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

   ▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| *[signed]* | 5-22-2011 | |
| Robert A. Pfaff | | |
| Print Name / PIN Number | Print name of taxpayer from line 1 if other than individual | |
| Signature | Date | Title (if applicable) |
| Print Name / PIN Number | | |

### Part II   Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program (levels k and l), see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

   a. Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
   b. Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
   c. Enrolled Agent—enrolled as an agent under the requirements of Circular 230.
   d. Officer—a bona fide officer of the taxpayer's organization.
   e. Full-Time Employee—a full-time employee of the taxpayer.
   f. Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, brother, or sister).
   g. Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
   h. Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Circular 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 1 of the instructions.
   k. Student Attorney—student who receives permission to practice before the IRS by virtue of their status as a law student under section 10.7(d) of Circular 230.
   l. Student CPA—student who receives permission to practice before the IRS by virtue of their status as a CPA student under section 10.7(d) of Circular 230.
   r. Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—insert above letter (a-r) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | Colorado | *[signed]* | 5-22-2011 |
| a | Colorado | *[signed]* | 5-22-2011 |
| a | Colorado | *[signed]* | 5-22-2011 |

Form **2848** (Rev. 6-2008)

# ROBERT PFAFF – SSN: 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
# FORM 843 – ATTACHMENT (FILED 4-19-12)
# STATEMENT OF EXPLANATION

## I. SUMMARY OF CLAIM

The Internal Revenue Service ("Service" or "IRS") has erroneously and illegally assessed a civil penalty against the claimant, Robert Pfaff, pursuant to Section 6707 of the Internal Revenue Code for his alleged failure to furnish information regarding tax shelters. The assessments were made on September 11, 2011 in the amounts of $1,397,574 (for the 1997 year), $17,824,803 (for the 1998 year), $105,039,593 (for the 1999 year), and $35,970,056 (for the 2000 year). For the reasons set forth below, Mr. Pfaff is not liable for any civil penalty under Section 6707.

Mr. Pfaff has made a payment in the amount of $228,460 to the United States Treasury; this payment is attributable to and was designated toward a single transaction (a so-called OPIS investment) involving the GM Johnston Family. This single transaction is identified in the Service's FLIP/OPIS penalty computation (Exhibit 8 to the Service's report issued to Mr. Pfaff on February 11, 2011). A copy of the penalty computation is enclosed. Mr. Pfaff demands that this payment (as well as any other amounts subsequently paid or illegally collected) be refunded in full. Mr. Pfaff also demands full abatement of all assessments made against him related to his alleged liability for the civil penalty of Internal Revenue Code Section 6707.

Our position is that the Section 6707 penalty is a so-called divisible tax, and this payment will confer jurisdiction on the federal district court if it is necessary to litigate this issue in a refund lawsuit.

## II. PROCEDURAL BACKGROUND

The Internal Revenue Service notified Robert Pfaff on June 30, 2003 that it had begun an examination to determine his potential liability for the so-called promoter penalties of Internal Revenue Code Sections 6707 and 6708. On February 15, 2011, the Service issued a report that set forth its findings and determined that Mr. Pfaff was subject to personal liability for penalties under Section 6707. A 30-day letter was issued on March 18, 2011 that explained Mr. Pfaff's appeal rights, including the right to request a hearing in the IRS Appeals Office. On May 13, 2011 (after an extension was granted), Mr. Pfaff filed a timely appeal to the Internal Revenue Service Appeals Office; the appeal is pending as of April 13, 2012. The civil 6707 penalties were assessed against Mr. Pfaff on September 11, 2011.

FORM 843 – PFAFF
April 19, 2012
Page 2 of 7

## III. SYNOPSIS OF LEGAL AUTHORITY

Prior to amendment by the American Jobs Creation Act of 2004, section 6111 of the Internal Revenue Code ("Code") required registration of certain specially identified tax shelters. The term "tax shelter" was defined by section 6111(c)(1) to include any investment (1) with respect to which any person could reasonably infer from the representations made (or to be made) in connection with the offering for sale of interests in the investment that the tax shelter ratio for any investor as of the close of any of the first 5 years ending after the date on which such investment is offered for sale may be greater than 2 to 1, and (2) which is a substantial investment. The tax shelter ratio means, with respect to any year, the ratio which (A) the aggregate amount of the deductions and 350 percent of the credits which are represented to be potentially allowable to any investor under subtitle A for all periods up to (and including) the close of such year, bears to the (B) the investment base as of the close of such year. An investment is a "substantial investment" if the aggregate amount which may be offered for sale exceeds $250,000 and there are expected to be 5 or more investors. I.R.C. § 6111(c)(4).

If an investment qualified as a tax shelter under section 6111(c), its organizer was required to register the tax shelter not later than the day on which the first offering for sale of interests in the shelter occurred. I.R.C. § 6111(a). For these purposes, the term "tax shelter organizer" meant the person principally responsible for organizing the tax shelter. I.R.C. § 6111(e)(1). If the person principally responsible for organizing the tax shelter failed to timely register the shelter, the obligation fell to any other person who participated in the organization of the tax shelter. I.R.C. § 6111(e)(1)(B). Finally, if none of the organizers timely registered a tax shelter, the obligation to register fell to any person participating in the sale or management of the shelter at a time when the shelter should have been registered. I.R.C. § 6111(e)(1)(C).

Prior to amendment by the American Jobs Creation Act of 2004, Section 6707 of the Code imposed a penalty on a person who was required to register a tax shelter under section 6111(a) but failed to do so (or files false or incomplete information). Section 6707(a)(2) provided that the penalty under paragraph (a)(1) was equal to the greater of 1 percent of the aggregate amount invested in the tax shelter, or $500.

## IV. BASIS FOR CLAIM

Robert Pfaff's claim for refund on Form 843 is based on the following list of legal positions:

### A. JOINT AND SEVERAL LIABILITY

Given the possibility of multiple assessments against multiple alleged promoters, the Treasury Regulations promulgated pursuant to Section 6707 interpret the penalty as being joint and several. Treas. Reg. § 301.6707-1T. Joint and several liability is a legal

FORM 843 – PFAFF
April 19, 2012
Page 3 of 7

concept in which a number of individuals (or entities) are liable for 100% of a given tax or penalty. The Service, however, may not collect more than 100% of the total liability from all of the individuals (or entities) combined.

The United States Department of Justice and the Internal Revenue Service have resolved multiple promoter penalty examinations with other entities related to the promotion of the FLIP, OPIS and BLIPS shelters that are the basis for the assessments against Mr. Pfaff. According to available public information, the settlements with KPMG, HVB, Sidley Austin and Deutsche Bank have resulted in payments exceeding $295,000,000 for promoter penalty liability. While some of these other entities promoted alleged tax shelters in addition to FLIP, OPIS and BLIPS, the Service has not provided any detailed accounting of the allocation of these promoter penalty payments to provide assurance that excess payments have not or will not be collected. Additionally, there may be other settlements and/or other IRS collections of which Mr. Pfaff is unaware. Mr. Pfaff takes the position that his alleged promoter penalty liability for the 1997, 1998, 1999 and 2000 tax years has already been paid in full pursuant to these other settlements/payments. With no further outstanding balance owed for the Section 6707 penalty, Mr. Pfaff's $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

### B. CONSTRUCTIVE FILING

In 2002-2003, Presidio Advisors provided the Internal Revenue Service with specific information and documents regarding their participation in OPIS transactions, including the GM Johnston Family transaction at issue in this claim. Presidio Advisors cooperated with the Service's requests for information, and ultimately provided all the information that would have been included on a Form 8264 - Application for Registration of a Tax Shelter. Given that the Internal Revenue Service obtained all the relevant information, Presidio Advisors should be treated as substantially complying with the requirements of Section 6111. Accordingly, Mr. Pfaff should not have been assessed a penalty for failure to register, and his $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

### C. STATUTE OF LIMITATIONS

The Internal Revenue Service notified Mr. Pfaff on June 30, 2003 that it had begun an examination to determine his potential liability for the Section 6707 penalty at issue in this refund claim. The Service had previously obtained information and documents from Presidio Advisors in 2002 and 2003. The eventual Section 6707 assessments against Mr. Pfaff were made almost ten years later on September 11, 2011. These assessments were barred by the statute of limitations on assessment. This delay is unreasonable, and the eventual assessments were illegal. Furthermore, the assessments were barred by the equitable defense of laches.

FORM 843 – PFAFF
April 19, 2012
Page 4 of 7

### D QUADRA ADVISORS REGISTERED THE TRANSACTION

Quadra Advisors, LLC ("Quadra"), was formed in approximately 1994 and provided asset management services to both institutional and private clients. Quadra executed security trades related to some of the FLIP and OPIS transactions. Quadra engaged in FLIP transaction for both KPMG and PricewaterhouseCooopers clients; it also engaged in OPIS transactions for KPMG. Sometime in approximately 1997, Quadra registered the FLIP transactions it engaged in with PricewaterhouseCoopers. The Chief Executive Officer of Quadra Advisors, LLC, Jeffrey Greenstein, testified (in a public hearing before the United States Senate Permanent Subcommittee on Investigations) in November 2003 that his firm registered the FLIP transactions that it performed.

According to the IRS, the FLIP and OPIS transactions are essentially identical, and involve the same "basis-shifting" strategy that was explicitly prohibited in Notice 2001-45. Pursuant to the Treasury Regulations promulgated under Section 6111, registration of a "tax shelter" by one promoter obviates the need for other promoters, organizers, and participants to register the same shelter. Therefore, given that Quadra registered the FLIP transactions with the Internal Revenue Service, Robert Pfaff was not required to register the same transactions (both FLIP and OPIS) for a second time. Mr. Pfaff is not liable for a penalty under Section 6707, and his $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

### E. NO PERSONAL LIABLITY FOR ROBERT PFAFF

The factual allegations set forth in the Service's February 15, 2011 report, even if assumed to be true, do not provide any legal basis for a personal/individual assessment of the section 6707 penalty. All of the allegations contained in the 22 page report relate to Mr. Pfaff's actions taken on behalf of the entities, Presidio Advisors and/or Presidio Growth. All company formalities were followed, and there are no allegations that these entities should be disregarded. Accordingly, the Internal Revenue Service erroneously and illegally assessed the Section 6707 against Mr. Pfaff; actions taken on behalf of Presidio Advisors and/or Presidio Growth do not subject him to personal liability under Section 6707. Accordingly, Mr. Pfaff's $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

### F. ERRONEOUS PENALTY CALCULATION

With respect to the calculation of the proposed penalty, the applicable language of Section 6707 provides that the penalty is equal to the greater of 1 percent of the aggregate amount invested in the tax shelter, or $500. In its assessments against Mr. Pfaff, the Service has erroneously and illegally inflated the amounts of the individual penalties by including in the "aggregate amount invested" the foreign corporation basis in foreign bank stock (or the amount of the loan and loan premium in the case of BLIPS). There is no statutory authority or case law support for this interpretation, and the clear language of section 6707 provides that the penalty should be calculated based on the total cash

FORM 843 – PFAFF
April 19, 2012
Page 5 of 7

invested by the individual investor. Accordingly, the individual penalty assessments made against Mr. Pfaff on September 11, 2011 are overstated, and Mr. Pfaff demands that the assessments be corrected.

In the case of the transaction at issue in this refund claim, the total gross cash invested in the transaction was $2,850,673. This amount includes $202,200 of fees. A 1% penalty on the total gross cash invested would result in a significant penalty of $28,506, but that amount is far less than the amount assessed ($228,460) by the Internal Revenue Service. Given that other entities have already paid $295,000,000 pursuant to settlements for their promoter penalty liability, Mr. Pfaff reiterates that this penalty (the correct, reduced amount) has already been paid in full, and he demands a full refund of his $228,460 payment.

### G. OPIS IS NOT A TAX SHELTER

#### 1. DEFINITION:

The Section 6111 definition of a tax shelter includes any investment with respect to which any person could reasonably infer from the representations made (or to be made) in connection with the offering for sale of interests in the investment that the tax shelter ratio for any investor as of the close of any of the first 5 years ending after the date on which such investment is offered for sale may be greater than 2 to 1, and (2) which is a substantial investment. The statutory language is vague and complex as applied to the OPIS transaction at issue in this claim. There is no basis to conclude that "any person" could "reasonably infer from the representations made" that the GM Johnston Family investment would result in a "tax shelter ratio" greater then 2 to 1. There is insufficient specificity in the statute and a dearth of other guidance to provide "any person" the means to make a "reasonable inference" as to the "tax shelter ratio." Accordingly, the GM Johnston Family OPIS transaction (in this refund claim) is not a "tax shelter" according to Section 6111, and Mr. Pfaff is not liable for the Section 6707 penalty for failure to register. Therefore, Mr. Pfaff's $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

#### 2. NO SUBSTANTIAL INVESTMENT:

The OPIS transaction at issue in this case did not satisfy the "substantial investment" prong of the tax shelter definition, and therefore, was not required to be registered pursuant to Internal Revenue Code Section 6111. To be treated as a "tax shelter" under Section 6111, the investment (in addition to satisfying the tax shelter ratio) must be (1) required to be registered under a federal or state law regulating securities, (2) sold pursuant to an exemption from registration requiring the filing of a notice, or (3) a "substantial investment." OPIS was not required to be registered under a federal or state law regulating securities or sold pursuant to

FORM 843 – PFAFF
April 19, 2012
Page 7 of 7

### H. REASONABLE CAUSE

Section 6707(a) specifically provides that no penalty shall be imposed with respect to any failure to register a tax shelter that is due to reasonable cause. Robert Pfaff was contemporaneously aware of the fact that KPMG had reviewed the transactions for registration requirements under Section 6111 and had concluded that registration was not required. Again, KPMG communicated to Presidio Advisors that, after a thorough legal analysis, they had concluded that registration was not required to register OPIS transactions like the GM Johnston Family transaction at issue in this refund claim.

Furthermore, Presidio Advisors subsequently obtained a legal opinion from a Denver attorney, Richard Petkun, that corroborated KPMG's position that registration was not required. Based on the facts of this case, including the reliance by Mr. Pfaff upon the analysis/position of a global tax/auditing firm as well as a subsequent (and consistent) legal opinion, reasonable cause exists to necessitate the abatement of the section 6707 penalty, and to require a full refund of Mr. Pfaff's $228,460 payment attributable to the GM Johnston Family transaction.

Additionally, the legislative history of Sections 6111 and 6707 further support a finding of reasonable cause. Congress enacted Sections 6111 and 6707 in 1984 to curb a wide range of arrangements that were considered abusive under the tax laws. Based on the Senate Report, Congress specifically targeted syndicated investment offerings, not customized investment arrangements like OPIS, when it enacted Section 6111 in 1984. S. Rep. No. 169, 98th Cong., 2d. Sess. 425-26 (Vol. 1 1984). Between 1984 and 1997, there was at least one attempt to repeal the Section 6111 registration requirement given that tax shelters were no longer being marketed as extensively as they were prior to 1984. Furthermore, The United States Department of Treasury issued Temporary Regulations in 1984 to interpret the Section 6111 registration rules and the Section 6707 penalty rules. Those Temporary Regulations were never finalized, and there was very little guidance from the Department of Treasury or the Internal Revenue Service as to the application of the statutory language. Given this background that Sections 6111 and 6707 were never intended to apply to investment transactions like the OPIS arrangement and the lack of any subsequent guidance, Mr. Pfaff has reasonable cause for any alleged requirement to register pursuant to Section 6111. Therefore, Mr. Pfaff again demands that the IRS refund his $228,460 payment attributable to the GM Johnston Family transaction.