IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF

      Plaintiff,

      v.

UNITED STATES OF AMERICA

      Defendant.

---

SCHEDULING ORDER

---

1.  DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND PRO SE PARTIES

a.  Conference Date:   April 1, 2015 and April 2, 2015

b.  Counsel for the Parties:

      Kevin Planegger
      Merriam Law Firm
      1625 Broadway, Suite 770
      Denver, CO  80202
      Telephone: (303) 592-5404
      Counsel for Plaintiff Robert A. Pfaff

      Hilarie Snyder
      United States Department of Justice, Tax Division
      P.O. Box 7238
      Ben Franklin Station
      Washington, D.C. 20044
      Telephone: (202) 307-2708
      Counsel for Defendant United States of America

12629341.1

## 2. STATEMENT OF JURISDICTION

a. <u>Plaintiff</u>:  This Court has jurisdiction over Plaintiff's claim for refund pursuant to 28 U.S.C. § 1346(a)(1).  The United States filed a Motion to Dismiss (Document 18) on April 15, 2015 for lack of subject-matter jurisdiction.  Plaintiff's position is that the 26 U.S.C. § 6707 penalty at issue in this case is a so-called divisible tax, and Plaintiff's payment of $228,460 is sufficient to confer jurisdiction.  Plaintiff will file a timely response to the government's Motion to Dismiss to set forth our position in more detail.

b. <u>Defendant</u>: The United States contends that this Court does not have subject-matter jurisdiction to consider this case.  We have filed a motion to dismiss with the Court explaining in more detail the basis for this position.  In brief, the United States contends that Pfaff has not full paid the penalty assessed against him for one of the tax shelters in issue, and that full payment is a requirement for jurisdiction. Additionally, the Anti-Injunction Act and Declaratory Judgment Act prohibit the remaining relief requested by Pfaff.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      <u>Plaintiff</u>:

Plaintiff Robert A. Pfaff asserts statutory claims under 26 U.S.C. § 7422 to recover a refund of $228,460 paid to the Internal Revenue Service in respect of the so-called "Promoter Penalty" of 26 U.S.C. § 6707 assessed against Mr. Pfaff on or about September 11, 2011.  Mr. Pfaff claims that he is not liable for penalties under 26

12629341.1

U.S.C. 6707 for the following reasons:

1. Full Payment: Mr. Pfaff contends that his alleged promoter penalty liability for the 1997, 1998, 1999 and 2000 tax years has already been paid in full pursuant to other settlements and payments made by alleged co-promoters (KPMG, Deutsche Bank, etc.). With no further outstanding balance owed for the Section 6707 penalty, Mr. Pfaff's $228,460 payment attributable to the GM Johnston Family transaction must be refunded in full.

2. No Personal Liability: The Internal Revenue Service erroneously and illegally assessed the Section 6707 against Mr. Pfaff personally, for alleged activity taken on behalf of the entities Presidio Advisors and/or Presidio Growth.

3. Erroneous Penalty Calculation: The assessments made against Mr. Pfaff were based on an erroneous penalty calculation. The applicable language of Section 6707 provides that the penalty is equal to the greater of 1 percent of the aggregate amount invested in the tax shelter, or $500. In their assessments against Mr. Pfaff, the Service has erroneously and illegally inflated the amounts of the individual penalties by including in the "aggregate amount invested" the foreign corporation basis in foreign bank stock.

4. OPIS is not a Tax Shelter: The GM Johnston Family OPIS transaction (the individual transaction at issue in this claim) is not a "tax shelter" according to Section 6111, and Mr. Pfaff is not liable for the Section 6707 penalty for failure to register.

3

12629341.1

5.  No Substantial Investment:  The GM Johnston Family OPIS transaction at issue in this case did not satisfy the "substantial investment" prong of the tax shelter definition, and therefore, was not required to be registered pursuant to Internal Revenue Code Section 6111.  Mr. Pfaff is not liable for the Section 6707 penalty for failure to register.

6.  Tax Shelter Ratio is not Satisfied:  The GM Johnston Family OPIS transaction at issue in this case did not satisfy the tax shelter ratio set forth in the tax shelter definition, and therefore, was not required to be registered pursuant to Internal Revenue Code Section 6111.  Accordingly, Mr. Pfaff is not liable for the Section 6707 penalty for failure to register.

7.  Constructive Filing:  Presidio Advisors should be treated as substantially complying with the requirements of Section 6111, and therefore, Mr. Pfaff is not liable for the Section 6707 penalty for failure to register.

8.  Quadra Advisors registered the transaction: Quadra Advisors registered the same/similar transactions with the Internal Revenue Service, and therefore, Robert Pfaff was not required to register the same transactions (both FLIP and OPIS) for a second time.

9.  Statute of Limitations:  The assessments against Mr. Pfaff are barred by the statute of limitations on assessment.

10.  Reasonable Cause:  To the extent that Mr. Pfaff was required to

4

register the GM Johnston Family OPIS transaction as a tax shelter pursuant to Section 6011, such failure to register was due to reasonable cause.

      b.   <u>Defendant</u>:

Section 6707 (in effect prior to 2004) authorizes the IRS to assess a penalty when a person required to register a tax shelter does not do so.  26 U.S.C. §§ 6111, 6707.   The penalty is <u>the greater of</u> $500 or 1 percent of the aggregate amount invested in such tax shelter.  *Id.* § 6707(b)(2)(1997-2000).

In 2009, Plaintiff, Robert A. Pfaff, was convicted of tax crimes relating to his organization and sale of tax shelters.  *See United States v. Pfaff*, 2013 WL 6123087 * 1 (S.D.N.Y. 2013); *United States v. Pfaff*, 407 Fed. App'x 506 (2d Cir. 2010).  The IRS, in 2011, assessed penalties against Pfaff for his failure to register the FLIP/OPIS and BLIPS tax shelters.  Pfaff paid $228,460 towards the FLIP/OPIS penalty, but a balance of $1.6 million (exclusive of interest) remains.  Additionally, a balance of $62 million (exclusive of interest) remains on the BLIPS penalty.  If the United States' motion to dismiss is not successful, the government is likely to file a counterclaim in this case.

Further, the government disputes each of the defenses raised by Pfaff and contends that (1) Pfaff is liable for the § 6707 assessments because he was obligated to register the FLIP/OPIS and BLIPS tax shelters and failed to do so, (2) the assessments were timely made, (3) balances remain on the unpaid FLIP/OPIS and BLIPS penalties, (4) the penalties were correctly calculated at 1% of the aggregate amount invested in the shelters, and (5) Pfaff did not have reasonable cause for failing

12629341.1

to register the tax shelters.

## 4. UNDISPUTED FACTS

a. On or about September 19, 2011, the IRS assessed civil penalties against Pfaff, pursuant to 26 U.S.C. § 6707, in the amounts of $1,397,574 for the 1997 year; $17,824,803 for the 1998 year; $105,039,593 for the 1999 year; and $35,970,056 for the 2000 year.

b. In April 2012, the Plaintiff made a payment of $228,460 and filed a Claim for Refund (Form 843) of the $228,460 payment on Form 843.

c. On or about December 12, 2012, the Defendant disallowed Plaintiff's Claim for Refund.

## 5. COMPUTATION OF DAMAGES

Plaintiff Robert A. Pfaff asserts statutory claims under 26 U.S.C. § 7422 to recover a refund of $228,460 paid to the Internal Revenue Service in respect of the so-called "Promoter Penalty" of 26 U.S.C. § 6707 assessed against Mr. Pfaff on or about September 11, 2011.

If the United States' motion to dismiss is not successful, the government is likely to file a counterclaim in this case. A balance of $1.6 million (exclusive of interest) remains unpaid on the FLIP/OPIS penalty. Additionally, a balance of $62 million (exclusive of interest) remains on the BLIPS penalty.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: April 1, 2015 and April 2, 2015.

12629341.1

b.    Names of each participant and party he/she represented.

Kevin Planegger
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO 80202
Telephone: (303) 592-5404
Counsel for Plaintiff Robert A. Pfaff

Hllarie Snyder
United States Department of Justice, Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2708
Counsel for Defendant United States of America

c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The United States made its Rule 26(a)(1) disclosures on April 16, 2015. Pfaff

will make his disclosures on or before the April 23, 2015 scheduling conference.

d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.    Statement concerning any agreements to conduct informal discovery:

None.

f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system.

g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

7

12629341.1

Pfaff does not anticipate requesting electronically stored information from the United States.  The United States anticipates seeking electronically stored information from Pfaff, particularly involving his "reasonable cause" defense. Specifically, the United States anticipates seeking all communications (including emails) between Pfaff and the professionals he allegedly relied upon.  Pfaff agrees to preserve this information and ensure that the professionals that he relied upon are also preserving the information.

h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of settlement and discussed an Offer in Compromise currently pending with the Internal Revenue Service.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY
## LIMITATIONS

a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Ten depositions per side, including experts.

b.     Limitations which any party proposes on the length of depositions.

Seven hours per deposition.

c.     Limitations which any party proposes on the number of requests for

8                    12629341.1

production and/or requests for admission.

The parties propose a limit of twenty five each per party.

d.      Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  June 5, 2015.

b.      Discovery Cut-off:  January 15, 2016.

c.      Dispositive Motion Deadline: February 15, 2016

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff does not anticipate calling any expert witnesses.

At this time, Defendant does not anticipate calling any expert witnesses, but reserves the right to do so.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Three experts per side without leave of the Court.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2015.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified

12629341.1

in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2015.

e.      Identification of Persons to Be Deposed:

Plaintiff expects to depose the following:

1.  IRS Revenue Agent Kevin Banks;

2.  IRS Revenue Agent Robert Schroeder;

3.  IRS Revenue Agent Mike Halpert;

4.  IRS Revenue Agent/Group Manager Victoria Rex.

Defendant expects to depose the following: Robert Pfaff and any person who Pfaff contends he relied upon in failing to register the tax shelters.

f.      Deadline for mailing and sending a copy by email of Interrogatories: December 15, 2015.

g.      Deadline for mailing and sending a copy by email of Requests for Production of Documents and/or Admissions: December 15, 2015.

### 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

12629341.1

## 11. OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

      None.

b.    Anticipated length of trial and whether trial is to the court or jury.

      The parties anticipate a 5 day jury trial.

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

      None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

I2629341.1

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge
District of Colorado

APPROVED:

s/ Kevin Planegger

_____
Kevin Planegger
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
Telephone: (303) 592-5404
Attorney for Plaintiff

s/ Hilarie Snyder

_____
Hilarie Snyder
United States Dep't of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2708
Attorney for Defendant

12629341.1