

**United States Attorney**
**Southern District of New York**

---

FOR IMMEDIATE RELEASE    CONTACT:    U.S. ATTORNEY'S OFFICE
MAY 23, 2007                                  YUSIL SCRIBNER,
                                              REBEKAH CARMICHAEL
                                              PUBLIC INFORMATION OFFICE
                                              (212) 637-2600

## <u>MANHATTAN UNITED STATES ATTORNEY ANNOUNCES DECISION NOT TO PROSECUTE SIDLEY AUSTIN LLP</u>

MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, announced the decision not to seek criminal charges against the law firm Sidley Austin LLP ("Sidley"), the investigation of which arose out of the fraudulent tax shelter and other activities of former Sidley Austin Brown & Wood ("SABW") tax partner RAYMOND J. RUBLE.

Mr. GARCIA explained that the decision not to bring criminal charges against Sidley was reached in accordance with the Department of Justice's *Principles of Federal Prosecution of Business Organizations*. The decision was predicated on a number of factors, including:

• RUBLE carried out the major part of his alleged fraud, including the provision of fraudulent cookie-cutter opinion letters, and brought in a substantial part of the firm's revenues, while a partner at the law firm Brown & Wood (BW), the New York-based firm that merged in May 2001 with the larger, Chicago-based firm of Sidley & Austin, LLP ("S&A"), forming the firm SABW (which has since changed its name to Sidley Austin).

• S&A (the pre-merger, Chicago-based entity) never wrote opinion letters for mass-marketed tax shelters and stipulated as a condition of the merger that RUBLE no longer engage in the practice of writing such letters.

• While RUBLE did issue such opinions while at the merged entity SABW, he did so largely by deception. The merged firm had approved RUBLE's request to issue after the merger a small number of opinions to which he had committed before the merger. The request was approved based on RUBLE's claim that he was ethically obligated to provide the opinions to which he had committed, and the firm's fear of lawsuits from his clients if



EXHIBIT
6

RUBLE did not do so.  SABW approved RUBLE's request without independently determining the legitimacy of the "grandfathered" transactions.  It did implement procedures to monitor RUBLE and other tax practitioners, including a policy that all tax opinions were to be approved by a "second signer" who did not come from the same pre-merger firm as the originator of the opinion, and a policy that all tax opinions were to be posted in a firm database.  RUBLE failed to comply with those policies, and misrepresented to the firm the number of opinions he was issuing.

• Once Sidley determined that RUBLE had been misleading it, Sidley immediately notified the IRS and the Senate committee investigating tax shelters that they should not rely on any information provided by RUBLE, and fired RUBLE shortly thereafter.

• Following its discovery of RUBLE's deceptions, and before the commencement of the criminal investigation, SABW implemented a model -- and, to the Government's knowledge, unprecedented -- compliance program designed to provide rigorous checks and oversight with respect to its tax opinion practice and attorney obligations with respect to tax advice.

• SABW cooperated with the criminal investigation being conducted by this Office and the IRS from its inception in February 2004, by providing witnesses for interviews and producing documents and various analyses of RUBLE's activities.

• Sidley has acknowledged, through a public statement of responsibility (copy attached), that its role with respect to certain tax shelter transactions wrongly and fraudulently deprived the U.S. Treasury of significant tax revenues.

• Sidley has entered into a Closing Agreement with the IRS pursuant to which Sidley has paid a $39.4 million civil penalty to the IRS to resolve the IRS's tax shelter promoter penalty audit of Sidley.

• Sidley has pledged to this Office, and to the IRS its full cooperation in the ongoing criminal and civil tax shelter investigations and litigation.

• Sidley has waived the statute of limitations for a period of three years for offenses arising out of RUBLE's practice.

• Prosecution of Sidley might have significant collateral consequences on partners, employees and clients of the firm.

Under all these circumstances, the Government concluded that the prosecution of RUBLE individually in *United States* v. *Stein, et al.*, S 05 Cr. 888 (LAK), for conspiracy to defraud the IRS and various tax evasion offenses, sufficiently vindicates the interests of law enforcement and the public.

Mr. GARCIA added that the tax shelter investigations are continuing.

The *Stein* case is pending trial. The charges in that case are merely accusations, and the defendants in that case are presumed innocent unless and until proven guilty.

Assistant United States Attorneys STANLEY J. OKULA, JR., JOHN HILLEBRECHT, MARGARET GARNETT, RITA GLAVIN and Special Assistant United States Attorney KEVIN M. DOWNING are in charge of this matter.

07-127                                    ###



## Statement of Sidley Austin LLP

Sidley Austin LLP ("Sidley"), the firm resulting from the May 1, 2001 merger of Sidley & Austin and Brown & Wood LLP ("Brown & Wood"), has agreed to resolve an examination and investigation by the Internal Revenue Service ("IRS") and the United States Attorney's Office for the Southern District of New York in connection with the tax shelter opinions authored by Raymond J. Ruble, a former partner who is under indictment in United States v. Jeffrey Stein, et al., S1 05 Crim. 0888 (LAK), pending in the United States District Court for the Southern District of New York. Sidley has pledged to the United States Attorney's Office to continue to provide full cooperation with ongoing criminal and civil tax shelter prosecutions, investigations and litigations. Under the terms of its agreement with the IRS, Sidley has paid today a civil penalty to the IRS and will also continue to fully cooperate with the IRS. Sidley has also made the following voluntary statement:

"Ruble was involved in, and issued opinions for, transactions for certain high net worth individuals. Ruble's conduct in those transactions defrauded the U.S. Treasury of taxes owed by those taxpayers. Ruble became involved in these transactions in 1996 while a partner at Brown & Wood. He authored opinions on a number of different tax shelter transactions, including Bond Linked Issue Premium Structure ("BLIPS"), Foreign Leveraged Investment Program ("FLIP"), Offshore Portfolio Investment Strategy ("OPIS"), Short Option Strategy ("SOS"), and Custom Adjustable Rate Debt Structure ("CARDS").

# SIDLEY
SIDLEY AUSTIN LLP

Page 2

Sidley & Austin never engaged in these transactions or this practice, and it was determined by both firms, as a condition of the merger, that Ruble would terminate his individual tax shelter practice. However, Ruble circumvented that decision, took steps to avoid detection of his conduct, including by deceitfully exploiting a very narrow exception to the immediate termination of his individual tax shelter practice that was limited to the completion of a small number of opinions promised to clients prior to the merger, and continued his practice. Ruble was expelled from the firm in October 2003, when the firm learned that, both before and after the merger, he had deceived his partners about the nature and extent of his involvement in the tax shelter transactions and had secretly taken millions of dollars in side payments from a tax shelter promoter. He was indicted in August 2005.

Sidley apologizes and expresses its deep regret to the United States Government. Sidley has enhanced its internal policies and compliance procedures so that conduct such as Ruble's does not happen again at this firm, which prides itself on its reputation for integrity and commitment to excellent client service. Sidley recognizes that, while law firms must operate on the principle of trust among partners, there is also a need for robust checks and balances on all of the work done in a firm's name.

Sidley has cooperated fully with the IRS and the Department of Justice since the beginning of their investigations and will continue to do so. In addition, Sidley has made this voluntary statement and has paid today a civil penalty to the IRS to resolve and conclude the civil tax shelter registration penalty examination of the firm by the IRS. We are gratified that the United States Attorney's Office for the Southern District of New York has also decided to close



Page 3

its investigation of the firm.  Having resolved these issues with the federal government, the firm

has taken another significant step in putting the consequences of Ruble's tax shelter activities

behind it."

