**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

---

UNITED STATES' REPLY TO PFAFF'S RESPONSE [Dkt. # 29] TO MOTION TO DISMISS

    We moved to dismiss Pfaff's refund claim for lack of jurisdiction, relying principally on the "*Flora* full payment rule" because the § 6707 penalty at issue is a non-divisible penalty for a single event – Pfaff's failure to register a tax shelter. We also contended that the Anti-Injunction Act and Declaratory Judgment Act barred Pfaff's remaining two claims. Pfaff opposed the dismissal of his refund claim, but did not oppose our arguments regarding dismissing his claims for declaratory and injunctive relief.

    Pfaff makes three arguments in support of jurisdiction. First, he contends that the § 6707 penalty is "divisible." Second, he makes some combination of a hardship/policy and Constitutional argument about the perceived inequities in having to fully pay the penalty before mounting a challenge. Third, he contends that third parties have, or may have, fully paid the penalty. These arguments lack merit.

    **I.    The § 6707 Penalty Is Not Divisible.**

    Pfaff contends that the § 6707 penalty is divisible and focuses his argument almost exclusively on the manner in which the penalty is calculated. He claims that the "aggregation of

1

multiple sales is the linchpin of divisibility" and argues that the § 6707 penalty is divisible because the IRS, as the statute required, added the total investments in the shelter to compute the penalty amount. [Dkt. # 29, Resp. at 8.] But that is an oversimplification. Any amount can be divided in the colloquial sense. A divisible tax, however, "is one that represents the **aggregate of taxes due on multiple transactions** . . ." *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991) (bold emphasis added); *see also Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980).

By way of example, the § 6672 trust fund recovery penalty is a divisible tax because a responsible person is obligated to withhold and turn over to the government income and employment tax withheld from each employee's paycheck. *Fidelity Bank*, 616 F.2d at 1182 n.1. The responsible person's potential liability for the penalty is triggered independently and anew for each employee during a particular time period.[1] *Id.* Thus, the § 6672 penalty is the "cumulation of separable assessments." *Id*. In other words, each time wages are paid for a particular employee and the responsible person willfully fails to turn over the withheld income and employment tax for that employee, the responsible person engages in a separate transaction that is potentially subject to a trust fund recovery penalty.

In contrast, non-divisible taxes do not involve multiple transactions. They "arise[] from a single event." *Rocovich*, 933 F.2d at 995. Here, Pfaff is responsible for the § 6707 penalty for

---

[1] *See also* the United States' opening brief for a discussion of the evolution of the § 6700 penalty as another example of the difference between divisible and non-divisible penalties. [Dkt. # 19, USA Brief, at 9-10]; *Humphrey v. United States*, 854 F.Supp.2d 1301, 1306-7(N.D. Ga. 2011) (citing 26 U.S.C. 6700(a) (1984)).

the FLIP/OPIS[2] shelter because of his one-time failure to register it with the IRS, not for each time he convinced an investor to purchase the shelter.

The § 6707 penalty is not the sum of independent penalty assessments or a penalty due on multiple transactions. It arises from a single event. It is not divisible.

## II. Pfaff's Constitutional Rights Have Not Been Violated.

Pfaff contends that his Constitutional rights have been violated because $160,000,000 is a prohibitively high sum and, as a result, he will never be able to full pay and challenge the § 6707 penalty. As a factual matter, Pfaff need not pay $160,000,000 in order to challenge the § 6707 penalty. And, as a legal matter, Pfaff's inability to seek Tax Court review and alleged inability to pay are irrelevant.

First, factually, Pfaff need not pay $160,000,000 to challenge this penalty. As the government explained in its motion, other taxpayers have paid a significant portion of the penalty. As a result, if Pfaff wishes to challenge the penalty for his failure to register the FLIP/OPIS shelter, he need only pay the outstanding balance – now approximately $1.6 million.[3] Further, Pfaff's protestations regarding both his inability to pay and the large amount of the penalty are, in addition to being unsupported by any evidence, somewhat hollow. After all, Pfaff was convicted of participating in a tax shelter scheme which enriched him at the expense of the

---

[2] We have focused this reply on the FLIP/OPIS penalty because Pfaff, by his own admission, has paid nothing toward the BLIPS penalty and is suing for a refund of his $200,000 payment towards the FLIP/OPIS penalty.

[3] Alternatively, if Pfaff wants to challenge the BLIPS-shelter penalty, then he needs to pay about $60 million.

government and resulted in estimated losses of $100,000,000.  *See* Reuters, *2 Ex-KPMG Managers Sentenced Over Tax Shelters*, N.Y. Times, April 1, 2009 (http://www.nytimes.com/2009/04/02/business/02kpmg.html?_r=0).

Second, even if Pfaff could establish to a judicial certainty that he could not pay the $1.6 million necessary to challenge the FLIP/OPIS penalty, this Court would still lack jurisdiction because there are no "hardship" or "policy-oriented" exceptions to the *Flora* full-payment rule.

The Supreme Court's *Flora* decision holds that courts do not have jurisdiction over refund suits unless the liability is full paid.  *Flora v. United States*, 362 U.S. 145, 150-51 (1960); *Ardalan v. United States*, 748 F.2d 1411, 1413 (10th Cir. 1984).   In *Ardalan*, the Tenth Circuit explicitly rejected attempts to create any "policy oriented exception[s]" to the *Flora* full-payment rule and held that the only exception to that rule is for divisible taxes.  *Ardalan*, 748 F.2d at 1414.  Similarly, in *Curry v. United States*, the Seventh Circuit was asked to carve a "hardship exception" to the full payment rule because, like Pfaff, Curry was unable to seek Tax Court review and unable to pre-pay the tax. *Curry v. United States*, 774 F.2d 852, 854-55 (7th Cir. 1985).   In "declin[ing] the invitation to carve out a 'hardship' exception to the *Flora* rule," the Seventh Circuit concluded, based on the language in  *Flora*, that any hardship experienced by the taxpayer was "a matter for legislature, not judicial remedy" and that a hardship exception would "endanger the 'public purse' and disrupt the smooth functioning of the tax system."  *Id*. (citing *Flora v. United States*, 357 U.S. 63, 75-76 (1958) and *Flora*, 362 U.S. at 175-76).

Other courts considering the issue have similarly concluded that the full payment rule cannot be waived when the taxpayer is unable to seek review from the Tax Court or cannot afford to prepay the tax.  *See Rocovich*, 933 F.2d at 995 (finding no exception to the full-

4

payment rule for § 6166 estate tax payments even though taxpayer could not contest in Tax Court); *see also Cooper v. United States*, 989 F.2d 491, 1993 WL 78893 (4th Cir. 1993) (holding *Flora* rule not limited to cases that may be pursued in U.S. Tax Court).   And cloaking his request for a "policy or hardship" exception to *Flora* under the guise of a Constitutional violation does not change the outcome.  *See Ardalan*, 748 F.2d at 1414 (rejecting argument that taxpayer's Fifth Amendment rights would be violated if the Court did not create an exception to the *Flora* rule.)

### III.     The § 6707 Penalty Is Not Full Paid.

Pfaff argues that the § 6707 penalty has been full paid by others.  Notably, he has not pleaded this in his complaint, which specifically requests that the IRS be enjoined from collecting the unpaid penalty.  Regardless, Pfaff cites press releases and other public documents to support his position that taxpayers who Pfaff contends were jointly and severally liable for his FLIPS/OPIS penalty have made large payments to the government in accordance with various deferred prosecution agreements or other settlements.  Contrary to Pfaff's theories, these documents do not describe which, if any, payments relate to Pfaff's FLIP/OPIS penalty.  Pfaff acknowledges as much, and further admits that the IRS has already reduced the $24.7 million FLIP/OPIS penalty by over 90% and $23 million, leaving a balance of only $1.6 million.  Still, he asks the Court to find that the penalty is fully paid or, in the alternative, asks for a hearing or discovery to determine whether the IRS's application of payments was reasonable.  To be clear, Pfaff is interested in obtaining information concerning **payments made by third-party taxpayers** (pursuant to settlement agreements) that have been applied towards obligations that do not involve Pfaff and for which Pfaff is not jointly and severally liable.

This third-party tax information (*i.e.*, payments made by other taxpayers that were not applied to Pfaff's penalties) is irrelevant. And, in any event, the Internal Revenue Code prohibits the government from disclosing it.

<u>First</u>, the information is irrelevant because Pfaff cannot change or otherwise reallocate money paid by jointly-and-severally-liable taxpayers. "The central principle of joint and several liability . . . is that the oblige [ - here, the IRS -] may pursue either or both of the parties to the liability, at the option of the oblige." *Conklin v. Comm'r*, 897 F.2d 1027, 1029 (10th Cir. 1990). Accordingly, jointly-and-severally-liable taxpayers are responsible for the entire penalty until it is full paid, and the government can collect all or some of the penalty from each taxpayer at the government's discretion. *Id*.

The payments collected by the government that Pfaff contends should further reduce his penalty were, as alleged by Pfaff, the result of negotiated settlements between the government and other taxpayers. Pfaff cannot change (and does not have standing to contest) those agreements or otherwise reallocate payments as he desires or in a manner that is most advantageous to him, but against the express terms of the third-party agreements. *Id*.; *see Estate of Ravetti v. United States*, 37 F.3d 1393, 1394-95 (9th Cir. 1994) (holding, prior to a subsequent statutory change involving income tax, that spouse # 1 had no standing to contest a stipulation between jointly-and-severally-liable spouse # 2 and the IRS). Further, in the absence of a specific agreement between those third-party taxpayers and the IRS, the IRS has the discretion to allocate the payments in the way it chooses, and Pfaff cannot challenge those allocations. *Sotir v. United States*, 978 F.2d 29, 30 (1st Cir. 1992) ("When a taxpayer makes a voluntary payment without indicating the liability to which the payment is to be applied, ordinarily the IRS may

6

apply the payment to whichever liability of the taxpayer it chooses."). Accordingly, because Pfaff is not able to re-allocate third-party taxpayers' payments towards his penalty obligations, his request for a hearing or discovery should be denied, and this suit should be dismissed. Pfaff has not met his burden of proving that this Court has jurisdiction.

Second, Internal Revenue Code § 6103 only authorizes the disclosure of third-party tax information under certain circumstances. 26 U.S.C. § 6103(h)(4). And there are both civil and criminal consequences for improper disclosures. 26 U.S.C. §§ 7213, 7431. Pfaff argues that § 6103 is inapplicable because while the "amount of payments" would be "return information," he is only seeking information about why the IRS allocated payments made by third parties (presumably, all third parties that Pfaff believes may be jointly liable with him) to something other than Pfaff's liability. [Dkt. # 29, Opp. at 15.] But "return information" is broadly defined to include virtually everything from the taxpayer's identity and the terms of settlement agreements to "any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary . . . with respect to the determination of the existence . . . of liability (or the amount thereof) of any person under this title for  . . . penalty. . ." *Id*. § 6103(b)(2)(A) and (D). Information about settlement agreements and payments made by third parties towards obligations other than those for which Pfaff is jointly and severally liable is both irrelevant and confidential tax return information. *Id*. §6103(h)(4).

## CONCLUSION

For the reasons described in this reply and in the United States' memorandum in support, the government respectfully requests that this Court dismiss Pfaff's complaint.

Respectfully submitted,

Dated: July 1, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division

s/ Hilarie Snyder
_____
HILARIE SNYDER
United States Department of Justice
Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
202-307-2708 (t)
202-514-6770 (f)
hilarie.e.snyder@usdoj.gov

Of Counsel:   JOHN F. WALSH
United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify on this 1st day of July, 2015, that I filed a copy of this Reply with the Court's Electronic Filing System, which sent a notice of electronic filing to all registered parties, including Ted H. Merriam, counsel for Plaintiff, Robert A. Pfaff.

s/ Hilarie Snyder
_____
Hilarie Snyder

12860704.1