IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

## PLAINTIFF'S SUR-RESPONSE TO UNITED STATES' MOTION TO DISMISS

Pursuant to the Court's September 11, 2015 Order, Plantiff files this Sur-Response to the United States' Motion to Dismiss to address the August 26, 2015 decision by Judge Margaret M. Sweeney of the United States Court of Federal Claims in *Diversified Group, Inc., et al. v. The United States* (Case No. 14-627T). In *Diversified Group*, the court granted the government's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The issue in *Diversified Group* was whether the so-called promoter penalty of 26 U.S.C. § 6707 is a divisible tax/penalty such that the plaintiff was not required to full pay the penalty prior to bringing a lawsuit. Acknowledging that this was a question of first impression, Judge Sweeney concluded that the promoter penalty is not divisible because it is assessed for the "single act" of failing to register a tax shelter. For the reasons set forth below (and as previously detailed in Plaintiff's Response), the *Diversified Group* opinion was wrongly decided and should not be followed.

First, with respect to the pending United States' Motion to Dismiss in this case, the Plaintiff raised three principal arguments in support of his conclusion that this Court has jurisdiction over his refund claim. Two of these arguments were not addressed in Judge Sweeney's opinion: that (1) Plaintiff would be denied his property without due process of law and that (2) the penalty is

already paid in full (with a proper allocation of payments made by co-promoters) such that Plaintiff has satisfied the so-called full payment rule set forth in *Flora v. United States*, 362 U.S. 145 (1960). These arguments were set forth in Plaintiff's Response; we do not restate them here.

The result of the *Diversified Group* opinion, however, illustrates the due process violation: the IRS assessed a penalty against the *Diversified Group* plaintiffs in the amount of $42,109,483 (subsequently reduced to $24,109,483) based on its erroneous calculation and its inconsistent positions (alleged by the plaintiffs), but the assessment is unassailable and safe from judicial review if full payment (of $24,109,483) is required to litigate. Without the availability of a prepayment forum (e.g., the U.S. Tax Court), IRS has unfettered discretion to assess an outrageous, inflated penalty, and then reap the benefits of such action without challenge. Our courts should not give the IRS this unlimited power. Again, IRS has taken identical action against Mr. Pfaff, and such action does not withstand due process scrutiny.[1] We note that the plaintiffs in *Diversified Group* did not raise a due process argument, and the Court of Federal Claims does not generally hear Constitutional challenges. *Crocker v. U.S.*, 125 F.3d 1475 (Fed.Cir. 1997).

In the *Diversified Group* opinion, Judge Sweeney erroneously relies on the fact that the promoter penalty is based on a single event – the failure to register a tax shelter, to conclude that the penalty is not divisible. While acknowledging that there are multiple exceptions to the *Flora* full payment rule, Judge Sweeney failed to analyze the compelling parallel with the trust fund recovery penalty ("TFRP") of 26 U.S.C. § 6672. In fact, the court only provides a general conclusion that the plaintiffs are "not on the same footing" as the taxpayers described in the exceptions to the *Flora* full payment rule. With all due respect, Judge Sweeney is wrong; the promoter penalty plaintiffs are on the exact same footing as taxpayers that have been assessed the trust fund recovery penalty.

Pursuant to section 6672, the IRS will assess a penalty against individuals who willfully fail

---

[1] It is similarly impossible for Mr. Pfaff to prepay his $160,232,026 penalty in order to "buy" his way into federal court.

to pay over payroll taxes withheld from employees' wages. Courts have universally held that this penalty is a divisible penalty because it is an accumulation of "separable" unpaid withholding taxes for each of the employees involved. *Fidelity Bank, N.A. v. U.S.*, 616 F.2d 1181 (10th Cir. 1980). Liability for the TFRP, however, is similarly based on a single event – the responsible person's willful failure to pay over withholding taxes. Once the IRS has established that event, the amount of the TFRP is merely a calculation based on the number of employees and how much "trust fund" tax was withheld from their wages. There is a single penalty assessment made against the taxpayer, but that single assessment is "separable" into the constituent parts: the withheld tax for each individual employee. The promoter penalty likewise results in a single penalty assessment that is divisible into constituent parts: the 245 individual transactions (61 FLIP/OPIS; and 184 BLIPS transactions) that, in the aggregate, made up the original $160,232,026 penalty. Judge Sweeney's opinion cannot be reconciled with the long-settled conclusion that the TFRP is a divisible penalty.

The single act of failing to register, like the single act of failing to pay over withheld taxes, is not determinative of divisibility. The question, as set forth in the specific language from the Supreme Court in *Flora*, is whether the penalty "may be divisible into a [penalty] on each transaction." The answer, in the context of the section 6707 promoter penalty, is that it is divisible into a penalty on each transaction. Accordingly, this Court has jurisdiction to hear the merits of Mr. Pfaff's case based on his payment of the penalty attributable to one transaction.

WHEREFORE, Plaintiff respectfully requests that the Court deny the United States' Motion to Dismiss.

DATED this 16th day of September, 2015.

By: s/ Kevin A. Planegger
Kevin A. Planegger
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO 80202
303-592-5404 / 303-592-5439 (fax)
Attorney for Plaintiff