**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF

      Plaintiff,

v.

UNITED STATES OF AMERICA

      Defendant.

---

**UNITED STATES' SUR-REPLY**

---

The IRS assessed a § 6707 penalty against Pfaff for his failure to register the FLIP/OPIS tax shelter. Pfaff paid a portion of the penalty, but $1.6 million remains unpaid. Because Pfaff has not complied with the *Flora*-full-payment rule, this Court lacks jurisdiction over his suit for a refund of the penalty.

Divisible taxes constitute an exception to the full-payment rule. But the § 6707 penalty is not a divisible tax, as the Court of Federal Claims recently held in *Diversified Group, Inc. v. The United States*, 2015 WL 5042634 (Fed. Cl. 2015).

<u>The § 6707 Penalty is Not Divisible</u>. The IRS determined the amount of Pfaff's § 6707 penalty by calculating 1% of the aggregate amount invested in the FLIP/OPIS shelter. To make this calculation, the IRS necessarily identified the shelter's customers, determined how much each invested, and multiplied by 1%. The amount of the penalty - like virtually all types of non-divisible tax calculations – is susceptible to division. But that does not make the § 6707 penalty a "divisible" tax.

1

A tax is divisible based on what triggers its application and not how it is calculated. *See Korobkin v. United States,* 988 F.2d 975, 976 (9th Cir. 1993) (penalty is divisible when it is "merely the sum of several independent assessments triggered by separate transactions."). A § 6707 penalty is not divisible because "the penalty is levied for the failure to register a tax shelter with the IRS – a singular act." *Diversified*, 2015 WL 5042634, *12.

<u>Trust Fund Recovery Penalties Are Different</u>. A responsible person who acts willfully in failing to pay over trust fund taxes is liable for a penalty with respect to each employee whose taxes are not paid over. 26 U.S.C. § 6672. Unlike the trust fund recovery penalty in which a responsible person's liability is triggered each time he willfully fails to account for and pay over trust fund taxes for each employee, the § 6707 penalty is triggered only once when someone fails to register a shelter. *See Korobkin*, 988 F.2d at 976 ("payroll taxes can also be divisible, because they're assessed separately for each employee"); *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980) (trust fund recovery penalties "are considered a cumulation of separable assessments for each of the employees involved. . . "). Pfaff seems to agree with the fact that there is one trigger – the failure to register a tax shelter - for a § 6707 penalty, but argues that liability for the trust fund recovery penalty is similarly triggered only once regardless of the number of employees. Pfaff is mistaken about the trust fund recovery penalty. *Diversified*, 2015 WL 5042634, **8, 9, 12 ("whereas the aggregate of taxes due on multiple transactions can constitute a divisible tax, a tax or penalty that arises from a single event is not divisible") (citing *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991).

<u>Pfaff's Due Process Claim Lacks Merit</u>. Pfaff did not raise an affirmative due process claim in his complaint. But even had he raised that claim, this Court would not have had

2

jurisdiction to consider it. *See Glass v. I.R.S.*, 21 Fed. Appx. 870, 872 (10th Cir. 2001); *Booth v. I.R.S.*, 1994 WL 563437 (10th Cir. 1994). Instead, Pfaff relies on the due process clause in advocating his position that a hardship or policy exception should be read into the *Flora*-full-payment rule. Requiring a taxpayer to comply with the *Flora*-full-payment rule does not violate his due process rights and there are no hardship or policy exceptions to the rule. *Ardalan v. United States*, 748 F.2d 1411, 1414 (10th Cir. 1984) (rejecting argument that Fifth Amendment rights violated if the Court did not create an exception to the *Flora* rule and rejecting attempt to create a policy or hardship exception to *Flora*); *see also* USA Reply, Dkt. # 30, at 3-5.

                                               Respectfully submitted,

Dated: September 23, 2015        CAROLINE D. CIRAOLO
                                               Acting Assistant Attorney General
                                               Tax Division

                                               s/ Hilarie Snyder
                                               HILARIE SNYDER
                                               U.S. Dep't of Justice, Tax Division
                                               P.O. Box 7238, Ben Franklin Station
                                               Washington, DC 20044
                                               202-307-2708 (t)
                                               202-514-6770 (f)
Of Counsel:                             hilarie.e.snyder@usdoj.gov
JOHN F. WALSH
United States Attorney                Counsel for the United States

## CERTIFICATE OF SERVICE

     I hereby certify on this 23rd day of September, 2015, that I filed a copy of this SurReply with the Court's Electronic Filing System, which sent a notice of electronic filing to all registered parties, including Ted H. Merriam and Kevin Planegger, counsel for Plaintiff, Robert A. Pfaff.

s/ Hilarie Snyder
Hilarie Snyder

13147661.1