# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

---

## ROBERT A. PFAFF AND THE UNITED STATES OF AMERICA'S
## JOINT UNOPPOSED MOTION TO STAY DISCOVERY AND TRIAL DEADLINES
## PENDING DECISION ON MOTION TO DISMISS

    Plaintiff Robert A. Pfaff and Defendant United States jointly move to stay the discovery and trial deadlines pending a decision on the United States' motion to dismiss (Dkt. # 18). This is the parties' first request for a stay of these deadlines. Additionally, the parties have not previously requested an extension of the deadlines in the scheduling order (Dkt. # 24).

    In accordance with Local Rule 6.1(c), Kevin Planegger, counsel for Robert A. Pfaff, certifies that he, prior to today's filing, communicated with his client about this Motion to Stay and, today, forwarded a copy of the filed Motion to Mr. Pfaff. Additionally, Hilarie Snyder, counsel for the United States, certifies that she, prior to today's filing, communicated with the IRS and the DOJ about the filing of this Motion to Stay and, today, forwarded a copy of the filed Motion to her contact at the IRS.

    As described below, the parties contend that good cause exists for this motion.

1

13257170.1

# FACTS

1. Internal Revenue Code (26 U.S.C.) § 6707 authorizes the IRS to assess a penalty when a person required to register a tax shelter does not do so. 26 U.S.C. §§ 6111, 6707 (1997-2000). The IRS assessed § 6707 penalties against Plaintiff. Plaintiff paid the IRS $228,460 and filed a Complaint (Dkt. # 1) in this Court seeking a refund of that money and a determination that he was not liable for the remainder of the assessment.

A. **The Motion to Dismiss**.

2. On April 15, 2015, the United States filed a motion to dismiss (Dkt. # 18) Plaintiff's complaint. In the motion to dismiss, the United States argued that this Court lacked subject-matter jurisdiction and that the United States, as sovereign, was immune from suit. (Dkt. # 19, Memo. In Support of Motion to Dismiss, at 7.)

3. Plaintiff filed an opposition (Dkt. # 29) to the motion to dismiss on June 17, 2015. And the United States filed its reply (Dkt. # 30) on July 1, 2015.

4. With the Court's permission, the parties filed supplemental briefs (Dkt. ## 34, 35) in September 2015.

5. The motion to dismiss is pending with the Court.

B. **The Current Discovery Schedule and the Parties' Discovery.**

6. On April 23, 2015, Judge Wang issued a scheduling order (Dkt. # 24), which in large part was identical to the one submitted by the parties.

7. In relevant part, the scheduling order set a:

    a. November 15, 2015 deadline to designate expert witnesses,

    b. December 1, 2015 deadline to send written discovery,

    c. December 15, 2015 deadline to designate rebuttal expert witnesses,

    d. January 15, 2016 deadline for discovery,

    e. February 15, 2016 deadline for dispositive motions, and

    f. April 26, 2016 final pretrial conference.

8. In the scheduling order, the United States noted that if the pending motion to dismiss was not successful, the government was likely to file a counterclaim in this case. (Dkt. #24, Scheduling Order, at 6.)

9. To date, the parties have exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

10. Additionally, the United States propounded interrogatories and document requests on Plaintiff regarding the GM Johnston Family referenced by Plaintiff in the scheduling order and the FLIP/OPIS transaction generally. Plaintiff responded to that discovery.

**C.**     **The Requested Extension**.

11. With this motion, the parties are requesting the discovery-related deadlines remaining in the scheduling order, along with the summary-judgment-motion deadline and the April 2016 pretrial conference, be stayed pending the outcome of the motion to dismiss. (S*ee, supra,* ¶ 7.)

12. The parties have submitted a proposed order.

## ANALYSIS

**A.**     **The Proposed Stay Will Conserve Resources and Allow for a More Efficient Litigation Process.**

If granted, the motion to dismiss would be dispositive and no discovery would be necessary. Further, even if the Court denies the motion to dismiss, the Court's decision may

3

impact any potential counterclaim and the discovery process. By way of example, in Plaintiff's opposition brief, he argued, among other things, that this Court should allow him to take some discovery regarding the IRS's application of payments from other taxpayers. (Dkt. #29, Pfaff Opposition, at 14-15.) The United States disagreed and argued that Plaintiff was not entitled to other taxpayers' information. (Dkt. # 30, USA Reply, at 5-7.) The Court may address this issue in its order on the motion to dismiss and that decision could impact the parties' discovery going forward. It also may impact whether a motion to compel or motion for protective order is filed.

Absent a stay, with about two and a half months remaining until the discovery cut-off, the parties would, at a minimum, need to take depositions and complete any remaining written discovery. We anticipate that this will be a time consuming and expensive process, particularly if we take discovery regarding the United States' as yet unfiled, but likely, counterclaim and Plaintiff's anticipated answer.

The parties submit that it is most efficient to obtain a decision on the motion to dismiss and then, if necessary, move forward with discovery. If granted, the stay would save the parties' time and resources. Additionally, it would likely benefit the Court because the Court would not need to address any potentially unnecessary discovery disputes.

**B.      The Court Has The Authority to Issue A Stay In These Circumstances.**

Although generally disfavored, "the Court has discretion to stay discovery while a dispositive motion is pending," *Sandoval v. United States*, 2011 WL 3682768 * 1 (D. Colo. 2011) (Mix, J.). And courts exercise that discretion and stay discovery when a defendant raises the defense of qualified immunity. *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)

13257170.1

(Court must exercise its discretion to stay discovery pending resolution of qualified immunity defense); *Sandoval*, 2011 WL 3682768 * 2.

In the motion to dismiss, the United States argued that, as sovereign, it is immune from suit and that this Court lacks subject-matter jurisdiction. The Tenth Circuit has noted that the general rule prohibiting discovery while a court considers a qualified immunity defense should equally apply to stay discovery when, as here, a party raises the sovereign immunity defense. *Liverman v. Committee On The Judicial, U.S. House of Representatives*, 51 Fed. Appx. 825, 827-28 (10th Cir. 2002). This Court has previously granted a motion to stay discovery when the United States has raised a sovereign immunity defense. *Sandoval*, 2011 WL 3682768 * 2. Additionally, stays in this circumstance allow jurisdictional questions to be "resolved at the earliest stages of litigation, so as to conserve time and resources of the Court and the parties." *Sandoval*, 2011 WL 3682768 *2.

In considering other motions to stay discovery, this Court has weighed the following factors:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience of the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 *2 (D. Colo. 2008) (Coan, J.). These factors weigh in favor of a stay. First, the parties are in agreement that the time-and-resource burden of going forward for both the plaintiff and defendant is significant enough to warrant a stay. Second, judicial resources would likely be conserved by imposing a stay pending the immunity and jurisdictional challenge. *See Sandoval*, 2011 WL 3682768 * 2. Third, neither the interests of non-parties nor the public would be materially affected by this stay.

WHEREFORE, Robert A. Pfaff and the United States respectfully request that this Court grant this Motion to Stay.

Respectfully submitted,

Dated:  October 26, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General,
Tax Division

s/ Hilarie Snyder
_____
HILARIE SNYDER
United States Department of Justice, Tax Division
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
202-307-2708 (t)

Of Counsel:   JOHN F. WALSH
               United States Attorney

202-514-6770 (f)
hilarie.e.snyder@usdoj.gov

Attorney for Defendant

s/ Kevin Planegger
KEVIN A. PLANEGGER
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
303-592-5404
303-592-5439 (Fax)
kevin@merriamlaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of October, 2015, that I filed a copy of this Motion to Stay Discovery with the Court's Electronic Filing System, which sent a notice of electronic filing to all registered parties, including Ted H. Merriam and Kevin Planegger, counsel for Plaintiff, Robert A. Pfaff.

s/ Hilarie Snyder
Hilarie Snyder

13257170.1