# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on the Plaintiff Robert A. Pfaff ("Plaintiff" or "Mr. Pfaff") and Defendant United States of America's ("Defendant" or "United States") Joint Motion to Stay Discovery and Trial Deadlines Pending Decision on Motion to Dismiss, filed on October 26, 2015 [#36] (the "Motion to Stay"). Pursuant to the Order Referring Case dated December 15, 2014 [#4], the Reassignment dated February 10, 2015 [#6], and the Memorandum dated October 26, 2015 [#37], the Motion to Stay is before this Magistrate Judge. For the reasons set forth in this Order, the Motion to Stay is GRANTED.

## BACKGROUND

    Plaintiff filed his Complaint in this action on December 10, 2015 (the "Complaint"). [#1]. Plaintiff seeks a refund of civil penalties assessed by the Internal Revenue Service ("IRS") in September of 2011 (and paid in part by Plaintiff in April of 2012) based on Plaintiff's alleged failure to properly register tax shelters with the IRS, and seeks declaratory relief and injunctive relief abating the unpaid portions of the levied penalties and barring Defendant from pursuing

further collection efforts. [*Id.* at ¶¶ 8-12, ¶¶ 21-22]. On April 10, 2015, the United States filed a motion to dismiss, and supporting brief. [#13-14]. That motion to dismiss and supporting brief were stricken for failure to comply with the page limitations of the Practice Standards of the presiding judge, the Honorable Philip A. Brimmer. [#15]. On April 15, 2015, the United States refiled its Motion to Dismiss ("Motion to Dismiss"), in which Defendant contends that the court lacks subject matter jurisdiction over Plaintiff's claims due to sovereign immunity. [#18, #19]. The Motion to Dismiss is pending before Judge Brimmer.

On April 16, 2015, the Parties filed their Joint Proposed Scheduling Order. [#20]. The Parties proposed the following deadlines for discovery and the filing of dispositive motion: November 15, 2015 for the disclosure of any affirmative expert witness pursuant to Fed. Rule Civ. P. 26(a)(2); December 15, 2015 for the disclosure of any rebuttal experts pursuant to Fed. Rule Civ. P. 26(a)(2); January 15, 2016 for the cut-off of all discovery; and February 15, 2016 for the filing of dispositive motions. [#20 at 9]. The Parties noted that they did not anticipate calling any expert witnesses to testify in this case. [*Id.*]. The court held a Scheduling Conference on April 23, 2015 [#23] and entered a Scheduling Order that same day adopting the Parties' proposed deadlines for expert witness disclosures, the discovery cut-off, and the filing of dispositive motions. [#24 at 9]. The Final Pretrial Conference was set for April 26, 2016. [*Id.* at 10].

On October 26, 2015, the Parties filed the instant joint Motion to Stay, requesting a stay of the Scheduling Order deadlines referenced above pending the court's determination of the United States' Motion to Dismiss. [#36].

## ANALYSIS

As the Parties note, courts within this district disfavor stays of discovery premised on the mere pendency of a dispositive motion.  [#36 at 4] (citing *Sandoval v. United States*, No. 11–cv–01533–REB–KLM, 2011 WL 3682768, at *1 (D. Colo. 2011) (Mix, J.)).  The Parties argue that a stay is nevertheless warranted in this case because Defendant has raised sovereign immunity in challenging subject matter jurisdiction.  [*Id.* at 4-6].  Both Parties agree that if Defendant prevails on the Motion to Dismiss, then it is "dispositive and no discovery would be necessary."  [*Id.* at 3].  Indeed, it is axiomatic that the United States is not subject to suit unless it has waived its sovereign immunity.  *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767 (1941); *Gass v. United States Dep't of Treasury*, No. 98–B–75, 1999 WL 250890, *5 (D. Colo. Mar. 30, 1999).

Courts have recognized that stays of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient, particularly when that jurisdictional challenge would be fully dispositive.  *Sandoval*, 2011 WL 3682768 at *2.  Indeed, the Tenth Circuit recognized in *Liverman v. Committee on the Judiciary, U.S. House of Representatives* that there was no "logical reason" why the general rule of staying discovery pending a qualified immunity defense "should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law."  51 F. App'x 825, 827-28 (10th Cir. 2002).

This court finds that the United States' invocation of sovereign immunity as a jurisdictional defense is primarily one of law and that it is appropriate to stay discovery and other pre-trial proceedings, pending Judge Brimmer's disposition of the Motion to Dismiss to spare both sides of the expense and burden of discovery that may ultimately be unnecessary.  *See*

*Lindhurst v. United States of America, Social Security Administration*, No. 12–cv–02450–CMA–KLM, 2012 WL 5381576, *2 (D. Colo. Oct. 31, 2012); *Widjaja v. Nicholson*, No. 08–cv–00204–MSK–MEH, 2008 WL 2811802, *1 (D. Colo. July 18, 2008); *Herlik v. United States of America*, No. 07–cv–00658–WDM–KMT, 2008 WL 356513, *2 (D. Colo. Feb. 7, 2008).

Accordingly, **IT IS ORDERED** that:

(1)   The Parties' Joint Motion to Stay [#36] is **GRANTED**;

(2)   Discovery in this matter is **STAYED** and the deadlines for expert disclosures, written discovery, discovery cut-off, dispositive motions, and the Final Pretrial Conference are hereby **VACATED**;

(2)   The Parties are **DIRECTED** to file a Status Report, including a proposed amended schedule and a description of any remaining claims or contemplated counterclaims, to contact chambers to schedule a further Scheduling Conference within five (5) days of any Order denying, in whole or in part, the Motion to Dismiss.

.

DATED:  November 13, 2015                             BY THE COURT:

                                      s/ Nina Y. Wang
                                      Nina Y. Wang
                                      United States Magistrate Judge