IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03349-PAB-NYW

ROBERT A. PFAFF,

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

## ORDER

This matter is before the Court on the Motion to Dismiss [Docket No. 18] pursuant to Fed. R. Civ. P. 12(b)(1) filed by the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

## I. BACKGROUND

This case arises out of the Internal Revenue Service's ("IRS") assessment of tax penalties against plaintiff Robert Pfaff. The IRS notified plaintiff on or about June 30, 2003 that it had begun an investigation to determine his potential liability for tax shelter promoter penalties under 26 U.S.C. § 6707. Docket No. 1 at 2, ¶ 5. On or about February 15, 2011, the IRS issued a report that determined plaintiff was subject to personal liability under 26 U.S.C. § 6707 for failure to register a tax shelter.[1]  Id., ¶ 6;

---

[1] Plaintiff was accused of involvement with two types of tax shelters: a Foreign Leveraged Investment Program ("FLIP"), also known as an Offshore Portfolio Investment Strategy ("OPIS"), and a Bond Linked Issue Premium Structure ("BLIPS"). Docket No. 19-1 at 2.

Docket No. 19 at 3. On or about September 11, 2011, the IRS assessed civil penalties against plaintiff in the amounts of $1,397,574 for 1997, $17,824,803 for 1998, $105,039,593 for 1999, and $35,970,056 for 2000. Docket No. 1 at 2, ¶ 8. Plaintiff has at all times disputed the allegations and protested the penalties assessed against him. *Id*. at 3, ¶ 11.

On or about April 19, 2012, plaintiff made a payment of $228,460 attributable to one of the fifteen OPIS transactions in 1999. *Id*., ¶ 12. Simultaneous with the payment, plaintiff filed a claim for refund of the $228,460 payment. *Id*. On or about December 12, 2012, the United States denied plaintiff's claim for a refund and told plaintiff that he was required to pay the full $105,039,593 penalty for the 1999 period before his refund claim would be considered. *Id*., ¶ 13. On or about December 12, 2012, after an administrative appeal of the civil penalties assessed against plaintiff, the United States reduced the civil penalty assessments to the amounts of $252,594 for 1997, $1,395,780 for 1998, $40,776,749 for 1999, and $25,236,246 for 2000. *Id*. at 4, ¶ 17.

On December 10, 2014, plaintiff filed a complaint requesting (1) a refund of the $228,460 civil penalty; (2) declaratory judgment that he is not liable for the civil penalties assessed against him for failure to register a tax shelter; and (3) an order directing the United States "to suspend its collection efforts pending the outcome of this tax refund suit." Docket No. 1 at 5, ¶¶ 20-22.

On April 15, 2015, the United States filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The United States argues that the Court lacks subject matter jurisdiction over plaintiff's tax refund suit. Docket No. 19 at 2. Specifically, the

United States argues that (1) the Court does not have jurisdiction over plaintiff's tax refund claim because plaintiff's claim is subject to the "full-payment rule" established in *Flora v. United States*, 362 U.S. 145 (1960); (2) the Court does not have jurisdiction over plaintiff's declaratory judgment claim under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; and (3) under the Anti-Injunction Act, 26 U.S.C. § 7421(a), the Court does not have jurisdiction over plaintiff's request for injunctive relief. Docket No. 19 at 7, 12, 13.

## II. STANDARD OF REVIEW

Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F .3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). To the extent the defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to

evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## III. ANALYSIS

### A. Tax Refund

The United States makes a factual attack to this Court's jurisdiction with respect to plaintiff's tax refund claim. Docket No. 19 at 6.

The United States argues that, pursuant to the *Flora* "full-payment rule," this Court does not have jurisdiction over plaintiff's tax refund claim. Docket No. 19 at 7. In *Flora*, the Supreme Court held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." 362 U.S. at 177; *see Ardalan v. United States*, 748 F.2d 1411, 1413 (10th Cir. 1984) ("The Supreme Court, this circuit, and all other federal circuits have long held that [§ 1346(a)(1)] requires the taxpayer to first pay the full amount of an income tax deficiency assessed by the IRS before he/she may challenge the assessment in a suit for refund under § 1346(a)(1)."). Because the United States claims plaintiff has not paid the full amount of the penalty, it argues that the Court lacks subject matter jurisdiction.

#### 1. Divisible Tax Exception

There are several statutory exceptions to the full-payment rule, *see, e.g.,* 26

U.S.C. §§ 6694, 6700, 6701, but plaintiff does not argue that any statutory exception applies here.  Rather, plaintiff argues that the judicially created "divisible tax" exception, which "provides that full prepayment of a tax assessment is not a jurisdictional prerequisite for a suit challenging a 'divisible' tax," *Ardalan*, 748 F.2d at 1414 (citing *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1182, n.1 (10th Cir. 1980)), applies to his tax refund claim.  Docket No. 29 at 4.  The Tenth Circuit has found the divisible tax exception applicable to two situations: (1) a challenge to unpaid excise taxes; or (2) a challenge to a 100% penalty pursuant to 26 U.S.C. § 6672 for failure to withhold and pay employment taxes.  *Id*. (citing *Church of Scientology of Colorado v. United States*, 499 F. Supp. 1085, 1087 (D. Colo. 1980)).  Plaintiff's tax refund claim does not fall under either recognized exception.  However, plaintiff asks this Court to find the 26 U.S.C. § 6707 promoter penalty divisible and thereby recognize another exception to the full payment rule.  Docket No. 29 at 4.

Only one court has addressed the issue of whether the 26 U.S.C. § 6707 promoter penalty is divisible.  *See Diversified Group, Inc. v. United States*, 123 Fed. Cl. 442 (Fed. Cl. 2015), *appeal docketed*, No. 16-1014 (Fed. Cir. October 6, 2015).  There, the Court of Federal Claims agreed with the United States that a § 6707 penalty is not a divisible tax under the recognized exceptions to the full payment rule.  *Id*. at 455 ("There is no § 6707 penalty imposed on each transaction, in the way that a separate tax is imposed on each sale item in the context of an excise tax, or for each employee within the realm of payroll taxes.  Thus because the individual transactions that participate in a tax shelter are not registered, the penalty is not divisible and the full payment rule

applies."). Plaintiff argues that *Diversified Group* was wrongly decided. Docket No. 34 at 1. As explained below, the Court disagrees.

Plaintiff argues that the "promoter penalty of 26 U.S.C. § 6707 is divisible because it is calculated based on the aggregate of individual amounts triggered by separate transactions." Docket No. 29 at 4. Plaintiff asserts that his position is supported by a footnote from *Flora*, which provides that "excise tax assessments may be divisible into a tax on each transaction or event, so that the full-payment rule would probably require no more than payment of a small amount." *Id.*; *see Flora*, 362 U.S. at 175, n.38. However, plaintiff has not shown that the tax shelter promoter penalty is analogous to an excise tax for purposes of the divisible tax exception. A § 6707 penalty is assessed against a "person who is required to register a tax shelter" in an amount based on the aggregate of the entire amount of investment in the tax shelter. 26 U.S.C. § 6707(a) (1997-2000).[2] Registration of a tax shelter pursuant to 26 U.S.C. § 6111 does not require registration of each individual transaction, investment, or sale. 26 U.S.C. § 6111(a)(1) (1997-2000); 26 C.F.R. § 301.6111-1T, A-47 (1997-2000). Thus, a violation of 26 U.S.C. § 6111, which would subject an individual to penalties pursuant to 26 U.S.C. § 6707, is predicated on a single event, namely, failing to register the underlying tax shelter.

Plaintiff argues that the "Determination Letter" he received from the IRS included a detailed report of 245 individual transactions underlying the ultimate assessment of a $160,232,026 penalty, and that the IRS' reliance on individual transactions

---

[2]Throughout this Order, the Court references the pre-2004 version of 26 U.S.C. § 6707(a) because that was the version effective during the relevant time period.

demonstrates that the § 6707 penalties assessed against him are divisible. Docket No. 29 at 5. It is unclear how else the IRS would be able to determine the amount of the penalty pursuant to § 6707 without considering the individual investments. Consideration of underlying transactions in order to determine the amount of a penalty does not render the § 6707 penalty divisible. *See* 26 U.S.C. § 6707; 26 C.F.R. § 301.6111-1T, A-48 ("such aggregated investments . . . are part of a single tax shelter.").

Plaintiff argues that § 6707 penalties are analogous to § 6672 penalties and thus should be deemed divisible. Docket No. 29 at 7. Section 6672 provides for "a one hundred percent penalty in the amount of unpaid withholding taxes on any person, other than the employer, who was responsible for the collection and payment of these taxes, but who willfully fails to perform any of these acts." *Fidelity Bank*, 616 F.2d at 1185 (citing *Slodov v. United States*, 436 U.S. 238, 246-250 (1978)). Section 6672 penalties "are considered a cumulation of separable assessments for each of the employees involved . . . permitting suit after payment of one or more employee's taxes." *Id*. at 1182, n.1. Section 6672 is unlike § 6707, which involves a single assessment on the aggregate amount of an unregistered tax shelter. The Court therefore disagrees with plaintiff that § 6672 provides this Court with a basis on which to find § 6707 penalties divisible.

Plaintiff also argues that § 6700 penalties, which are divisible, are analogous to § 6707 penalties. Docket No. 29 at 8. However, § 6700 contains additional language that explains the basis on which § 6700 penalties are divisible: "activities described in paragraph (1)(A) with respect to each entity or arrangement shall be treated as a

7

separate activity and participation in each sale described in paragraph 1(B) shall be so treated." Section 6707 contains no similar limitation on the construction of activity. The activity giving rise to liability under § 6707 is the single act of failing to register a tax shelter. *See* 26 U.S.C. § 6707(a)(1)(A). The absence of similar language in § 6707 weighs against plaintiff's argument that § 6707 is divisible. Plaintiff fails to provide this Court with any basis on which to find § 6707 penalties divisible based on § 6700.

In light of the foregoing, the Court finds that plaintiff has failed to establish that § 6707 penalties are exempt from the full-payment rule.

### 2. Due Process

Plaintiff argues that the full-payment rule, as applied to him, violates his Fifth Amendment due process rights. Docket No. 29 at 9. Plaintiff does not include a due process claim in his complaint. *See* Docket No. 1. Plaintiff also fails to explain how an alleged due process violation confers subject matter jurisdiction over plaintiff's tax refund claims on this Court. *See Curry v. United States*, 774 F.2d 852, 854 (7th Cir. 1985). The Court finds that plaintiff's due process argument fails to provide a basis for subject matter jurisdiction over this case.

### 3. Whether the Penalty Has Already Been Satisfied

Plaintiff argues that the full-payment rule has been satisfied based on the payments of other joint and severally liable co-promoters of plaintiff's tax shelters. Docket No. 29 at 11. In support of this assertion, plaintiff cites press releases and other public documents regarding the payments made by other co-promoters. *Id*. at 12-13. Plaintiff states that the "allocation of other payments does not appear accurate; the

penalty has been reduced by a different percentage in different years" and that "[t]here may be a good reason for these differences, but again, the government has not provided any evidence to establish the accuracy of its factual claims." *Id*. at 14. This argument is misplaced, as "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props.*, 518 F.3d at 1189. Moreover, plaintiff overlooks the IRS' prerogative to pursue all or some of the penalty from each taxpayer at the government's discretion. *See Conklin v. C.I.R.*, 897 F.2d 1027, 1029 (10th Cir. 1990) (citing *Restatement (Second) of Judgments* § 49 & comment a (1982)). "When a taxpayer makes a voluntary payment without indicating the liability to which the payment is to be applied, ordinarily the IRS may apply the payment to whichever liability of the taxpayer it chooses." *Sotir v. United States*, 978 F.2d 29, 30 (1st Cir. 1992) (citations omitted). While plaintiff has identified that the penalty has been reduced by a different percentage in different years, this is not enough; he has not established that his co-promoters specified to which liability their payments were to be credited, nor has plaintiff provided the Court with any reason to question the IRS' allocation of payments. Plaintiff thus has not established any basis to challenge the IRS' allocation of payments made toward the penalties assessed against him and his co-promoters, or the IRS' determination that the penalties have not yet been paid in full by plaintiff.

### B. Declaratory Judgment

The United States makes a facial attack to this Court's jurisdiction with respect to plaintiff's declaratory judgment claim. Docket No. 19 at 6.

Section 2201 of Title 28 provides, in relevant part:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986[3] . . .any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The United States argues that the Court lacks jurisdiction to grant plaintiff's request for declaratory judgment. Docket No. 19 at 12. Plaintiff does not address this argument in his response. *See* Docket No. 29. The Court agrees with the United States that "the tax exception provision of the Declaratory Judgment Act prohibits declaratory judgments in matters relating to an individual's federal taxes," *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004), and that tax penalties constitute matters relating to an individual's federal taxes. *See Evans v. I.R.S.*, 539 F. Supp. 805, 806 (E.D. Mich. 1982). Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claim for declaratory relief.

### C. Injunctive Relief

The United States makes a facial attack to this Court's jurisdiction with respect to plaintiff's injunctive relief claim. Docket No. 19 at 6.

Section 7421(a) of Title 26 provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The United States argues that, pursuant to 26 U.S.C. § 7421(a), this Court lacks subject matter jurisdiction over plaintiff's request for injunctive relief. Docket No. 19 at 13.

---

[3] Section 7428 of Title 26 applies to declaratory judgments relating to status and classifications of organizations under 501(c)(3), etc., and is inapplicable to plaintiff's tax refund claim.

Plaintiff does not address this argument in his response. See Docket No. 29. The Court agrees with the United States that the Anti-Injunction Act precludes this Court from considering plaintiff's claim for injunctive relief. See Bob Jones University v. Simon, 416 U.S. 725, 736 (1974) (noting that the language of the Anti-Injunction Act "could scarcely be more explicit—'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . .'").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion to Dismiss [Docket No. 18] pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED**. It is further

**ORDERED** that plaintiff's claims for relief are dismissed for lack of subject matter jurisdiction. It is further

**ORDERED** that, within 14 days of this Order, defendant may have its costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that the case is dismissed in its entirety.

DATED March 10, 2016.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge